## ARCHITECT RECOVERS DAMAGES FOR WRONGFUL DISCHARGE.

Circuit Court of Cuyahoga County.

MIKE POLOWSKY ET AL V. OTTO J. LORENZ.

Decided, October 28, 1910.

*Contract for Services—Wrongful Discharge—Measure of Damages—Rule in Case of Architect.*

The rule that one wrongfully discharged from his employment will be entitled to recover the agreed wages or salary for the whole time, but reduced by the amount which he has or might have earned by engaging in other employment during the time of the breach, does not apply to an architect retained to draw plans of a building and superintend its construction, who is wrongfully discharged after furnishing the plans and so prevented from superintendence, for his employment does not intend that he shall devote all his time to it, and is not inconsistent with the pursuit of his profession.

*C. J. Benkoski,* for plaintiffs in error.
*Geo. C. Johnson,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This action was tried in the common pleas court, without objection, as one for damages for breach of contract of employment as an architect, though the petition seems to seek recovery on the contract itself. The question of wrongful discharge was the main question in issue upon which the jury found for the plaintiff and assessed his damages at something less than the full amount due under the contract, had the services been rendered in full.

In this court the sole complaint is that the verdict is not sustained by the evidence and is excessive. No complaint is made as to the charge, or as to the manner in which the case was tried.

We have examined the evidence as to its weight and find there was sufficient evidence to warrant the jury in its conclusion that the architect was wrongfully discharged, though the evidence was conflicting on this subject.

As to size of the verdict, we think the result was somewhat less than the architect might have been awarded.

The building cost $16,000, the architect to have 2½% thereof as his compensation; ½ of one per cent. for the drawings, one per cent. when the contracts were let, and one per cent. for superintendence of the construction of the building. He was discharged before the erection of the building was commenced and so had no superintendence to perform.

The usual rule in such cases is that "the plaintiff will be entitled to recover the agreed wages or salary for the whole time, but reduced by the amount which he has or might have earned by engaging to any other party during the time of the breach," but "the rule does not apply to a professional man if the services he was required to render did not purport to occupy all his time, but were of a character consistent with the pursuit of his profession and were expected to be discharged concurrently therewith." 3 Sutherland on Damages, 693.

The case usually cited as sustaining this doctrine is that of a physician, *Galveston County* v. *Ducie,* 91 Texas, 665, but we think the exception is peculiarly applicable to the case of an architect. Before or after he goes to his office he can run around and inspect half a dozen jobs in little more time than he can inspect one, depending upon their location, of course.

At any rate, there was no evidence introduced in this case tending to show that the architect was enabled to increase his income from other sources by reason of being relieved from the obligation to superintend the erection of this building.

Viewing the law as to the measure of damages, as we do, we can not say that the verdict was excessive.

Judgment affirmed.